IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



United States District Court
Southern District of Texas
FILED

MAY 0 6 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| VALENTIN MUÑIZ AND, | § | |
| JUAN CARLOS LUGO, | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| V. | § | CIVIL ACTION NO.  B-03-087 |
| | § | |
| NEOPLAN USA CORPORATION | § | |
| | § | |
| Defendant | § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Comes now Neoplan USA Corporation, Defendant in the above-styled cause of action, and files this its Notice of Removal of this action to the United States District Court for the Southern District of Texas, Brownsville Division, and would respectfully show unto the Court as follows:

I.

Plaintiffs filed their Original Petition on or about April 4, 2003, naming Neoplan USA Corporation as Defendant. Plaintiffs filed this lawsuit in the 404th Judicial District Court of Cameron County, Texas. Plaintiffs' Original Petition is styled *Valentin Muñiz and Juan Carlos Lugo v. Neoplan USA Corporation*, Cause No. 2003 04 1825 G. Defendant was served with process on April 11, 2003.

II.

In Plaintiffs' Original Petition, Plaintiff asserts causes of action against Defendant for wrongful termination, fraud, slander, libel and intentional infliction of emotional distress. A true and correct copy of all processes, pleadings and orders served on Defendant are attached hereto as Exhibit "A".

III.

Defendant's Notice of Removal is based upon 28 U.S.C. § 1441(a) and (b) in that the present case is a civil action brought in state court of which the District Courts of the United States have original jurisdiction pursuant to 28 U.S.C. § 1332 and is removed by the Defendant to the District Court of the United States for the district and division embracing the place where the action is pending, to-wit: The United States District Court for the Southern District of Texas, Brownsville Division.

The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties. Specifically, Plaintiffs allege that they are residents of Cameron County, Texas. Neoplan USA Corporation, the sole Defendant, is incorporated in the State of Colorado and its principal place of business is in the State of Colorado.

IV.

The amount in controversy in this action exceeds the sum of $75,000, exclusive of costs and interest. In Plaintiffs' Original Petition, damages are unspecified. But, Plaintiffs have demanded in writing the payment by the Defendant to Plaintiffs of the sum of one million dollars $1,000,000.

V.

Removal of this action is proper under 28 U.S.C. § 1441 because it is a civil action brought in a state court of which the federal courts have original jurisdiction over the subject matter under 28 U.S.C. § 1332 in that Plaintiffs and Defendant are diverse in citizenship and the amount in controversy exceeds $75,000.

VI.

This Notice of Removal is filed within thirty (30) days after the receipt by Defendant, through service or otherwise, of a copy of the initial pleading establishing that this case is removable to this Honorable Court.  This Notice of Removal is timely filed under 28 U.S.C. § 1446(b).  A notification of this removal is also being filed in the State Court where the action is currently pending and written notice of the filing of this Notice of Removal is being served on Plaintiffs.

WHEREFORE, PREMISES CONSIDERED, Defendant, Neoplan USA Corporation, respectfully removes this matter from the 404th Judicial District Court of Cameron County, Texas to this Honorable Court for trial and determination of all issues.

Respectfully submitted,

By: _____
JOHN J. FRANCO, JR.
State Bar No.  07362800
Southern District No.  8256
2600 Weston Centre
112 East Pecan Street
San Antonio, Texas 78205
(210) 354-1300
(210) 277-2702 (Fax)
ATTORNEY-IN-CHARGE FOR DEFENDANT

3

OF COUNSEL:

VIRGINIA C. HONEYMAN
State Bar No. 24034487
Southern District No. 33642
Ogletree, Deakins, Nash,
    Smoak & Stewart, P.C.
2600 Weston Centre
112 East Pecan Street
San Antonio, Texas 78205
(210) 354-1300
(210) 277-2702 (FAX)

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing has been sent via Certified Mail, Return Receipt Requested to Plaintiff's counsel, Denis A. Downey, 1185 FM 802, Suite 3, Brownsville, Texas 78526-1538, on this _6th_ day of May 2003.

JOHN J. FRANCO, JR.

No. 2003-04-001825-G

# THE STATE OF TEXAS

COPY

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: NEOPLAN USA CORPORATION
SERVING ITS REGISTERED AGENT
ANN MARIE CHENOWITH
700 GOTTLOB AUWAERTNER DR.
LAMAR, COLORADO USA 81052

the _____ DEFENDANT _____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 404th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____ PETITION _____ was filed on APRIL 04, 2003 . A copy of same accompanies this citation.

The file number of said suit being No. 2003-04-001825-G.

The style of the case is:

VALENTIN MUNIZ & JUAN CARLOS LUGO
VS.
NEOPLAN USA CORPORATION

Said petition was filed in said court by _____ HON. DENIS A. DOWNEY
(Attorney for _____ PLAINTIFF _____), whose address is
1185 F.M. 802, SUITE 3 BROWNSVILLE, TX 78526-1538 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 7th day of APRIL , A.D. 2003 .

EXHIBIT

"A"

AURORA DE LA GARZA , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

By:_____, Deputy

| ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE |
|---|

Rule 106 (a)(2): The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.

Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court.

| NAME OF PREPARER | TITLE |
|---|---|
| | |

| ADDRESS | | |
|---|---|---|
| | | |

| CITY | STATE | ZIP |
|---|---|---|

CERTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the ___7th___ of ___APRIL___  ___2003___, I mailed to

___NEOPLAN USA CORPORATION___

by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

CERTIFIED MAIL NO. ___95818164___
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

___AURORA DE LA GARZA___ District Clerk
Cameron County, Texas

By: _____, Deputy

CAUSE NO. 2003-04-1805-G

APR 0 4 2003

| | |
|---|---|
| VALENTIN MUÑIZ AND JUAN CARLOS LUGO, *Plaintiffs*, | IN THE DISTRICT COURT OF |
| VS. | CAMERON COUNTY, TEXAS |
| NEOPLAN USA CORPORATION, *Defendant.* | 404 JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE COURT:

COME NOW Plaintiffs Juan Carlos Lugo and Valentin Muñiz and would show as follows:

### I.

Plaintiffs are residents of Cameron County, Texas where all causes of action arise.

### II.

Defendant NEOPLAN USA CORPORATION is a domesticated Colorado corporation which has done business in the State of Texas and who may be served by certified mail by serving its registered agent Ann Marie Chenowith, 700 Gottlob Auwaertner Dr., Lamar, Colorado USA 81052.

### III.

### FACTUAL ALLEGATIONS

Defendant opened a manufacturing facility in Brownsville, Texas pursuant to an arrangement negotiated with local governmental entities wherein Defendant received significant tax incentives. Local government entities had sought to attract manufacturers to the immediate area. Apparently at some time after opening and operating a manufacturing facility in Brownsville, Texas and after extracting tax benefits, Defendant made a decision to close its plant in Brownsville, Texas. Defendant, notwithstanding having made its unannounced internal decision to abandon Texas, nevertheless

continued to order supplies from local merchants on established credit lines. Defendant thereafter left Texas and did not pay for much of the materials and supplies Defendant had ordered from local merchants and which Defendant had proceeded to use to generate income.

III.

Additionally, with the apparent motive of avoiding having to pay certain employment benefits to its Texas workers who would shortly become unemployed because of the planned closing of Defendant's plant, Defendant implemented a scheme to terminate employees on various pretexts designed to make it impossible for terminated workers like Plaintiffs to obtain unemployment insurance benefits.

IV.

Plaintiffs say that they were terminated on a pretext of alleged theft of company property, to wit, welding helmets. Such allegations, if true, would have amounted to "just cause" as defined by the Texas Labor Code and would have rendered Plaintiffs ineligible to receive unemployment wage benefits.

V.

Plaintiffs say that on or about Wednesday, May 29, 2002 Plaintiffs reported for work as required. Upon going to the worker's locker area, Plaintiffs discovered that their lockers had been forced open and that their welding helmets were missing. Plaintiffs immediately contacted their supervisor to report the incident. Shortly thereafter Defendant accused Plaintiffs of having stolen the said welding helmets. Plaintiffs further say that Plaintiffs were thereafter fired for said alleged theft.

VI.

Plaintiffs say that Defendant knew that neither Plaintiff had committed any theft of company property and that the termination of Plaintiffs was solely for the purpose of avoiding unemployment

insurance costs associated with closing the Brownsville manufacturing facility.

VII

Plaintiffs say that the State of Texas investigated Plaintiffs' termination and determined that Plaintiffs had *not* been fired justly and accordingly awarded Plaintiffs unemployment wage benefits.

VIII.

Plaintiffs say that Defendant's wrongful conduct constituted fraud, slander, libel, and the intentional infliction of emotional distress.

IX.

Plaintiffs say that all conditions precedent to the bringing of this lawsuit and to the recovery of all relief sought herein have been performed or have occurred.

WHEREFORE, premises considered, Plaintiffs pray that:

1- Citation issue and be served upon Defendant;

2- Plaintiffs have and recover actual damages, nominal damages, punitive damages, pre and post judgment interest, and court costs, same exceeding the Court's minimum jurisdictional amount;

3- Plaintiffs have such other and further relief to which they may justly be entitled.

Respectfully submitted,

DENIS A. DOWNEY
State Bar 06085500
Federal I.D. 1186
1185 FM 802, Suite 3
Brownsville, Texas 78526-1538
956 544-0561 / 956 544-0562 (FAX)

ATTORNEY FOR PLAINTIFFS

NO.  2003-04-1825-G

| VALENTIN MUÑIZ AND | § | IN THE DISTRICT COURT OF |
|---|---|---|
| JUAN CARLOS LUGO, | § | |
| | § | |
| **Plaintiffs,** | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| | § | |
| NEOPLAN USA CORPORATION | § | |
| | § | |
| **Defendant** | § | 404TH JUDICIAL DISTRICT |

**DEFENDANT NEOPLAN USA CORPORATION'S ORIGINAL ANSWER**

Now comes NEOPLAN USA CORPORATION (hereinafter "Neoplan") Defendant in the

above-styled and numbered cause of action, and would show unto the Court as follows:

## AFFIRMATIVE DEFENSES

### I.

Plaintiffs have failed to state a claim for which relief can be granted.

### II.

Plaintiffs have failed to mitigate their damages.

### III.

Statements both oral and written which are the subject of this suit were true or

substantially true at the time that they were made.

### IV.

Any statements or writings to the Texas Workforce Commission ("TWC") regarding

Plaintiffs' terminations are protected by an absolute privilege.  Tex. Lab. Code § 301.074

V.

Any statements or writings made by Defendant to persons or entities with a common interest or business interest in the statements or made during the investigation following reports of wrongdoing by the Plaintiffs to persons or entities having a duty or interest in the investigation are protected by a qualified privilege.  See, e.g., *Holloway v. Texas Medical Ass'n*, 757 S.W.2d 810, 813-814 (Tex. App. – Houston [1st Dist.] 1988, pet. denied); *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995).

VI.

At all times material to this action the Plaintiffs were at-will employees of Defendant and subject to termination and to changes in terms and conditions of their employment at any time with or without cause.  All actions taken with respect to Plaintiffs, their employment and termination of their employment by the Defendant or agents, representatives or employees of the Defendant were in the exercise of the legal rights of the said Defendant and as a matter of law, such actions cannot rise to the level of outrageous conduct necessary to maintain a cause of action for intentional infliction of emotional distress.

VII.

Any and all actions taken by Defendant were taken in good faith and without malice.

**GENERAL DENIAL**

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, the Defendant denies each and every allegation made by Plaintiffs and demand strict proof thereof.

2

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiffs take nothing by way of this lawsuit and that Defendant be awarded its costs, including reasonable attorneys' fees and such other and further relief, at law or in equity, to which it might be entitled.

Respectfully submitted,

Ogletree, Deakins, Nash Smoak & Stewart, P.C.
2600 Weston Centre
112 East Pecan Stree
San Antonio, Texas  78205
(210) 354-1300 - Telephone
(210) 277-2702 - Telefax

By:  _Virginia C. Honeyman_
JOHN J. FRANCO, JR.
State Bar No.  07362800
JUANITA C. HERNANDEZ
State Bar No.  09518700
VIRGINIA C. HONEYMAN
State Bar No.  24034487
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Original Answer of Defendant Neoplan USA Corporation has been sent by Certified Mail, Return Receipt Requested on this _24th_ day of April, 2003, to:

Denis A. Downey
1185 FM 802, Suite 3
Brownsville, Texas  78526-1538

_Virginia C. Honeyman_
VIRGINIA C. HONEYMAN

3

**INDEX OF MATTERS BEING FILED WITH**
**DEFENDANT'S NOTICE OF REMOVAL**


1.    Citation and Plaintiffs' Original Petition filed with the District Court of Cameron County,
      Texas on April 4, 2003

2.    Defendant's Original Answer filed on April 25, 2003.

3.    District Court's Docket Sheet.

4.    List of Attorneys of Record

No. 2003-04-001825-G

# THE STATE OF TEXAS

**COPY**

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: NEOPLAN USA CORPORATION
SERVING ITS REGISTERED AGENT
ANN MARIE CHENOWITH
700 GOTTLOB AUWAERTNER DR.
LAMAR, COLORADO USA 81052

the _____ DEFENDANT _____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 404th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____ PETITION _____ was filed on APRIL 04, 2003 . A copy of same accompanies this citation.

The file number of said suit being No. 2003-04-001825-G.

The style of the case is:

VALENTIN MUNIZ & JUAN CARLOS LUGO
VS.
NEOPLAN USA CORPORATION

Said petition was filed in said court by _____ HON. DENIS A. DOWNEY _____
(Attorney for _____ PLAINTIFF _____ ), whose address is
1185 F.M. 802, SUITE 3 BROWNSVILLE, TX 78526-1538 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 7th day of APRIL , A.D. 2003.

;719+336+8163

AURORA I   A GARZA                    , DISTRICT
Cameron Coun.,  Texas
974 E. Harrison St.
Brownsville, Texas 78521

By: _____

_____ , De

| ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE |
| --- |

Rule 106 (a)(2): The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.

Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court.

NAME OF PREPARER          TITLE

ADDRESS

CITY          STATE          ZIP

CERTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the __7th__ of __APRIL   2003__, I mailed to

NEOPLAN USA CORPORATION

by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

CERTIFIED MAIL NO. __95818164__
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

__AURORA DE LA GARZA__, District Clerk
Cameron County, Texas

By: _____, Deputy

CAUSE NO. 2003-04-18256

| | | |
|---|---|---|
| VALENTIN MUÑIZ AND | } | IN THE DISTRICT COURT OF |
| JUAN CARLOS LUGO, | } | |
| *Plaintiffs,* | } | |
| VS. | } | CAMERON COUNTY, TEXAS |
| | } | |
| NEOPLAN USA CORPORATION, | } | |
| *Defendant.* | } | 404 JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE COURT:

COME NOW Plaintiffs Juan Carlos Lugo and Valentin Muñiz and would show as follows:

### I.

Plaintiffs are residents of Cameron County, Texas where all causes of action arise.

### II.

Defendant NEOPLAN USA CORPORATION is a domesticated Colorado corporation which has done business in the State of Texas and who may be served by certified mail by serving its registered agent Ann Marie Chenowith, 700 Gottlob Auwaertner Dr., Lamar, Colorado USA 81052.

### III.

### FACTUAL ALLEGATIONS

Defendant opened a manufacturing facility in Brownsville, Texas pursuant to an arrangement negotiated with local governmental entities wherein Defendant received significant tax incentives. Local government entities had sought to attract manufacturers to the immediate area. Apparently at some time after opening and operating a manufacturing facility in Brownsville, Texas and after extracting tax benefits, Defendant made a decision to close its plant in Brownsville, Texas. Defendant, notwithstanding having made its unannounced internal decision to abandon Texas, nevertheless

continued to order supplies from local merchants on established credit lines. Defendant thereafter left Texas and did not pay for much of the materials and supplies Defendant had ordered from local merchants and which Defendant had proceeded to use to generate income.

### III.

Additionally, with the apparent motive of avoiding having to pay certain employment benefits to its Texas workers who would shortly become unemployed because of the planned closing of Defendant's plant, Defendant implemented a scheme to terminate employees on various pretexts designed to make it impossible for terminated workers like Plaintiffs to obtain unemployment insurance benefits.

### IV.

Plaintiffs say that they were terminated on a pretext of alleged theft of company property, to wit, welding helmets. Such allegations, if true, would have amounted to "just cause" as defined by the Texas Labor Code and would have rendered Plaintiffs ineligible to receive unemployment wage benefits.

### V.

Plaintiffs say that on or about Wednesday, May 29, 2002 Plaintiffs reported for work as required. Upon going to the worker's locker area, Plaintiffs discovered that their lockers had been forced open and that their welding helmets were missing. Plaintiffs immediately contacted their supervisor to report the incident. Shortly thereafter Defendant accused Plaintiffs of having stolen the said welding helmets. Plaintiffs further say that Plaintiffs were thereafter fired for said alleged theft.

### VI.

Plaintiffs say that Defendant knew that neither Plaintiff had committed any theft of company property and that the termination of Plaintiffs was solely for the purpose of avoiding unemployment

insurance costs associated with closing the Brownsville manufacturing facility.

VII

Plaintiffs say that the State of Texas investigated Plaintiffs' termination and determined that Plaintiffs had *not* been fired justly and accordingly awarded Plaintiffs unemployment wage benefits.

VIII.

Plaintiffs say that Defendant's wrongful conduct constituted fraud, slander, libel, and the intentional infliction of emotional distress.

IX.

Plaintiffs say that all conditions precedent to the bringing of this lawsuit and to the recovery of all relief sought herein have been performed or have occurred.

WHEREFORE, premises considered, Plaintiffs pray that:

1-    Citation issue and be served upon Defendant;

2-    Plaintiffs have and recover actual damages, nominal damages, punitive damages, pre and post judgment interest, and court costs, same exceeding the Court's minimum jurisdictional amount;

3-    Plaintiffs have such other and further relief to which they may justly be entitled.

Respectfully submitted,

DENIS A. DOWNEY
State Bar 06085500
Federal I.D. 1186
1185 FM 802, Suite 3
Brownsville, Texas 78526-1538
956 544-0561 / 956 544-0562 (FAX)

ATTORNEY FOR PLAINTIFFS

NO.  2003-04-1825-G

| | | |
|---|---|---|
| VALENTIN MUÑIZ AND | § | IN THE DISTRICT COURT OF |
| JUAN CARLOS LUGO, | § | |
| | § | |
| **Plaintiffs,** | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| | § | |
| NEOPLAN USA CORPORATION | § | |
| | § | |
| **Defendant** | § | 404TH JUDICIAL DISTRICT |

FILED ___ O'CLOCK ___ M
AURORA DE LA GARZA, CLERK
APR 25 2003

## DEFENDANT NEOPLAN USA CORPORATION'S ORIGINAL ANSWER

Now comes NEOPLAN USA CORPORATION (hereinafter "Neoplan") Defendant in the above-styled and numbered cause of action, and would show unto the Court as follows:

## AFFIRMATIVE DEFENSES

### I.

Plaintiffs have failed to state a claim for which relief can be granted.

### II.

Plaintiffs have failed to mitigate their damages.

### III.

Statements both oral and written which are the subject of this suit were true or substantially true at the time that they were made.

### IV.

Any statements or writings to the Texas Workforce Commission ("TWC") regarding Plaintiffs' terminations are protected by an absolute privilege. Tex. Lab. Code § 301.074

## V.

Any statements or writings made by Defendant to persons or entities with a common interest or business interest in the statements or made during the investigation following reports of wrongdoing by the Plaintiffs to persons or entities having a duty or interest in the investigation are protected by a qualified privilege.  See, e.g., *Holloway v. Texas Medical Ass'n*, 757 S.W.2d 810, 813-814 (Tex. App. – Houston [1st Dist.] 1988, pet. denied); *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995).

## VI.

At all times material to this action the Plaintiffs were at-will employees of Defendant and subject to termination and to changes in terms and conditions of their employment at any time with or without cause.  All actions taken with respect to Plaintiffs, their employment and termination of their employment by the Defendant or agents, representatives or employees of the Defendant were in the exercise of the legal rights of the said Defendant and as a matter of law, such actions cannot rise to the level of outrageous conduct necessary to maintain a cause of action for intentional infliction of emotional distress.

## VII.

Any and all actions taken by Defendant were taken in good faith and without malice.

## **GENERAL DENIAL**

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, the Defendant denies each and every allegation made by Plaintiffs and demand strict proof thereof.

2

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiffs take nothing by way of this lawsuit and that Defendant be awarded its costs, including reasonable attorneys' fees and such other and further relief, at law or in equity, to which it might be entitled.

Respectfully submitted,

Ogletree, Deakins, Nash Smoak & Stewart, P.C.
2600 Weston Centre
112 East Pecan Stree
San Antonio, Texas 78205
(210) 354-1300 - Telephone
(210) 277-2702 - Telefax

By: _____
JOHN J. FRANCO, JR.
State Bar No. 07362800
JUANITA C. HERNANDEZ
State Bar No. 09518700
VIRGINIA C. HONEYMAN
State Bar No. 24034487
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Original Answer of Defendant Neoplan USA Corporation has been sent by Certified Mail, Return Receipt Requested on this _24th_ day of April, 2003, to:

Denis A. Downey
1185 FM 802, Suite 3
Brownsville, Texas 78526-1538

_____
VIRGINIA C. HONEYMAN

3

RUN DATE 04/21/03
RUN TIME 4:19 PM

PAGE: 01

* * * C L E R K ' S   E N T R I E S * * * *

2003-04-001825-G

VALENTIN MUNIZ & JUAN CARLOS LUGO

VS

NEOPLAN USA CORPORATION

00005901
HON. DENIS A. DOWNEY
1185 F.M. 802, SUITE 3
BROWNSVILLE, TX          78526 1538

(10)                                04    04    03

DAMAGES

04/04/03  ORIGINAL PETITION FILED
04/07/03  CITATION (CM): NEOPLAN USA CORPORATION
04/07/03  SERVED: 04/11/03    FILED: 04/15/03

## ATTORNEYS OF RECORD

Plaintiffs:

> Denis A. Downey
> State Bar No.  06085500
> 1185 FM 802, Suite 3
> Brownsville, Texas  78526
> 956-544-0561
> 956-544-0562 (Fax)

Defendant:

> John J. Franco, Jr.
> State Bar No  07362800
> Southern District No.  8256
> Ogletree, Deakins, Nash
>    Smoak & Stewart, P.C.
> 2600 Weston Centre
> 112 East Pecan Street
> San Antonio, Texas 78205
> (210) 354-1300
> (210) 277-2702 (Fax)

> Virginia C. Honeyman
> State Bar No.  24034487
> Ogletree, Deakins, Nash
>    Smoak & Stewart, P.C.
> 2600 Weston Centre
> 112 East Pecan Street
> San Antonio, Texas  78205
> (210) 354-1300
> (210) 277-2702 (Fax)