6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 2 5 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| VALENTIN MUÑIZ AND, JUAN CARLOS LUGO, | § § § | |
| Plaintiffs, | § § § | |
| V. | § § | CIVIL ACTION NO. B-03-087 |
| NEOPLAN USA CORPORATION | § § | |
| Defendant. | § § | |

United States District Court
Southern District of Texas
FILED

SEP 0 2 2003

Michael N. Milby
Clerk of Court

**AMENDED DEFENDANT'S PROPOSED JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

1.  State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

    SEPTEMBER 2, 2003
    ~~The Court placed responsibility for this meeting on both parties. Not having heard~~ from ~~the Plaintiffs' attorney, Defendant's undersigned attorney unsuccessfully attempted to initiate contact by letter and phone.~~

2.  List the cases related to this one that are pending in any state or federal court, with the case number and court.

    None.

3.  Specify the allegation of federal jurisdiction.

    Defendant removed this matter to Federal Court pursuant to 28 U.S.C. §§ 1332. There is diversity of citizenship between Plaintiffs and Defendant. Plaintiffs are residents of Cameron County, Texas. Defendant is incorporated in the State of Colorado and has its principal place of business in that State.

4.  Name the parties who disagree and the reasons.

    No timely Motion to Remand was filed.

5.  List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

    None.

6.  List anticipated interventions.

    None.

7.  Describe class-action issues.

    None.

8.  State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

    Because of the delay caused by the below described difficulty in locating witnesses and documents, Defendant believes that the deadline for Initial Disclosures should be extended until thirty (30) days after the initial pre-trial and scheduling conference, to-wit: October 2, 2003.

9.  Describe the proposed agreed discovery plan, including:

    A.  Responses to all the matters raised in Rule 26(f).

        Because of the difficulty in identifying and locating individuals with knowledge of relevant facts and in acquiring relevant documents because of the closure of the facility where the Plaintiffs were employed, Defendant proposes that initial disclosures not be due until on or before October 2, 2003.

    B.  When and to whom the plaintiff anticipates it may send interrogatories.

        ~~Defendant assumes~~ Plaintiffs will send interrogatories to Defendant.

    C.  When and to whom the defendant anticipates it may send interrogatories.

        Defendant likely will send interrogatories to the Plaintiff after initial disclosures have been made in order to acquire additional information.

    D.  Of whom and by when the plaintiff anticipates taking oral depositions.

        ~~Defendant assumes~~ Plaintiffs would anticipate taking the depositions of current and former officials of the Defendant who have knowledge of relevant facts, *including but not necessarily limited to the plant manager and the immediate supervisor*

    E.  Of whom and by when the defendant anticipates taking oral depositions.

        Defendant anticipates it will take oral depositions of Plaintiffs Valentin Muniz and Juan Carlos Lugo and any persons with knowledge of relevant facts that it can identify or are identified by Plaintiffs. Because the Defendant's facility where Plaintiffs were employed is closed, it is anticipated that depositions will need to

be taken of persons with knowledge of relevant facts, including supervisors and management officials who are no longer in Defendant's control and who are outside of subpoena range.

F.    List expert depositions the plaintiff anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

Plaintiffs and Defendant have not designated experts at this time. *PLAINTIFFS WOULD ANTICIPATE TAKING THE DEPOSITION OF ANY EXPERT DEFENDANT DESIGNATES.*

G.    List expert depositions the defendant anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

Defendant would take the deposition of any expert designated by Plaintiffs.

10.   If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

*THE PARTIES ARE IN AGREEMENT WITH THIS DISCOVERY PLAN* ~~At the time Defendant filed this plan, Plaintiffs' proposals thereon were unknown.~~

11.   Specify the discovery beyond initial disclosures that has been undertaken to date.

None.  Defendant is in the process of locating persons with knowledge of relevant facts and relevant documents, a process that is hampered by the closure of the facility where Plaintiffs were employed.

12.   State the date the planned discovery can reasonably be completed.

February 2, 2004.

13.   Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

None, but, without making any commitments at this time, Defendant would invite a reasonable offer.

14    Describe what each party has done or agreed to do to bring about a prompt resolution.

None.

15.   From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

Defendant would consider mediation prior to trial, but, only after completion of sufficient discovery to allow an evaluation of the evidence.

3

16.    Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

Defendant declines trial before a magistrate judge at this time, but will keep the option open.

17.    State whether a jury demand has been made and if it was made on time.

No jury demand has been made in this case.

18.    Specify the number of hours it will take to present the evidence in this case.

Approximately 16 courtroom hours. (This is difficult to gauge at this time because of the above-mentioned obstacles to location of witnesses and documents.)

19.    List pending motions that could be ruled on at the initial pretrial and scheduling conference.

None.

20.    List other motions pending.

None.

21.    Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

Because the Defendant company closed its facility where Plaintiffs were employed, key witnesses are scattered at various and sundry places in and outside Texas. Defendant does not have control of some of these witnesses and some might be beyond subpoena range. Depositions might be necessary of several such persons. In addition, the diverse locations of witnesses necessitate advance notice of hearings and trial where their presence is needed.

22.    List the names, bar numbers, addresses and telephone numbers of all counsel.

Counsel for Plaintiffs:
Denis A. Downey
State Bar No.  06085500
1185 FM 802, Suite 3
Brownsville, Texas 78526-1538
Phone:  (956) 544-0561
Facsimile:  (956) 544-0562

Counsel for Defendant:
John J. Franco, Jr.
State Bar No.  07362800
Southern District No.  8256
Virginia C. Honeyman
State Bar No. 24034487
2600 Weston Centre
112 East Pecan Street
San Antonio, Texas 78205
Phone:  (210) 354-1300
Facsimile:  (210) 277-2702

23,    All counsel or pro se parties are required to keep the Clerk and all other parties advised of changes of address.

APPROVED AS TO FORM AND SUBSTANCE:

By: _____        Date: 9/2/03
Denis A. Downey, Attorney for Plaintiff

                                                            AS REVISED

By: _____        Date: 8/22/2003
John J. Franco, Jr., Attorney for Defendant

                                                            AS REVISED 9/8/2003

5